## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DR. PANKAJ JAIN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| COPPELL INDEPENDENT SCHOOL | § | CIVIL ACTION NO. _____ |
| DISTRICT; and ANTHONY HILL, | § | |
| TRACY FISHER, JUDY BARBO, LEIGH | § | |
| WALKER, THOM HULME, JILL | § | |
| POPELKA, AND AMY DUNGAN, in their | § | |
| official capacities, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## COMPLAINT FOR DECLARATORY AND
## PERMANENT INJUNCTIVE RELIEF CONCERNING
## VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT

Plaintiff Dr. Pankaj Jain ("Dr. Jain") files this Complaint for Declaratory and Permanent Injunctive Relief Concerning Violations of Section 2 of the Voting Rights Act against defendants Coppell Independent School District ("CISD") and Board of Trustee Members Anthony Hill, Tracy Fisher, Judy Barbo, Leigh Walker, Thom Hulme, Jill Popelka, and Amy Dungan, (each individually, a "Trustee"), in their official capacities as members of the CISD Board of Trustees (the "Board"), based on personal knowledge as to his own actions and on information and belief as to all other matters, as follows:

## I.

## PRELIMINARY STATEMENT

1.     CISD conducts at-large elections for each of the seven members of the Board, who have the exclusive power and duty to oversee the management of the public schools within

the boundaries of the district.  Unfortunately, the at-large election system denies Asian American voters a fair opportunity to elect the candidates of their choosing because it utilizes features that render the Asian American votes susceptible to vote dilution.  Regrettably, the current at-large system for electing the seven-member Board effectively denies membership and representation to Asian Americans, who are the largest ethnic group in the CISD student body and comprise a significant portion of eligible voters within CISD.

2.      Logically, one would assume that Asian Americans would be represented on the school board, but members of this community have been denied that opportunity due to an antiquated voting system.  As recently as the school board election held in May 2016, two Asian American candidates ran for seats on the board (including Dr. Jain) and lost. Dr. Jain was unable to overcome the arbitrary hurdles created by CISD's at-large election system. This at-large electoral process effectively denies Asian Americans their ability to select a candidate of their choice and their voice in shaping policy and the direction of the school system.  Therefore, the electoral system must be replaced.

3.      Accordingly, Dr. Jain files this action seeking appropriate judicial relief for violations of the Voting Rights Act of 1965, 52 U.S.C. § 10301 (the "Voting Rights Act"). Specifically, Dr. Jain requests that the Court issue a permanent injunction and declaratory relief to ensure that Asian Americans have an equal opportunity to elect a candidate of their choice and be represented in matters regarding the governance of their public school system.

## II.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to:  (1) 28 U.S.C. § 1331, which grants United States district courts original jurisdiction over any civil action "arising under the . . . laws . . . of the United States;" (2) 28 U.S.C. § 1343(a)(3), which

grants district courts original jurisdiction over any civil action to redress a deprivation of any right secured by a law of the United States "providing for the equal rights of citizens within the jurisdiction of the United States;" and (3) 28 U.S.C. § 1343(a)(4), which grants district courts original jurisdiction over any civil action under "any Act of Congress providing for the protection of civil rights, including the right to vote."

5.      The Court has personal jurisdiction over CISD because the District is primarily located in the State of Texas.  This Court also has personal jurisdiction over the Trustees because each resides in Coppell, Texas and all reside within the State of Texas.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside within the Northern District in the State of Texas.

**III.**

**PARTIES**

**A.      Plaintiff**

7.      Dr. Jain is a United States citizen, an Asian American, and a registered voter who, since 2010, has resided within the territorial boundaries of CISD with his wife and two children. Dr. Jain is an Associate Professor at the University of North Texas in the Department of Philosophy and Religion, and the Department of Anthropology. Dr. Jain received his B.S. in Computer Science at Karnatak University in India in 1992, his M.A. in Religious Studies at Columbia University in 2003, and Ph.D. in Religious Studies at the University of Iowa in 2008. As a parent of two children who attended CISD schools, it is important to Dr. Jain that the District take into consideration the needs and concerns of the growing number of Asian American students and parents in CISD.

B.     **Defendants**

8.     CISD is an independent school district located in Dallas County, Texas, and was created pursuant to Texas law.  CISD may be served through its Superintendent, Mike Waldrip, at 200 S. Denton Tap Road, Coppell, Texas 75019.

9.     Leigh Walker is a Trustee elected to Place 1 of the Board, and resides within CISD.  She may be served with process at 347 Hearthstone Lane, Coppell, Texas 75019.

10.     Jill Popelka is a Trustee elected to Place 2 of the Board and resides within CISD.  She may be served with process at 758 Armstrong Blvd., Coppell, Texas 75019.

11.     Anthony Hill is a Trustee elected to Place 3 of the Board, is the President of the Board, and resides within CISD.  He may be served with process at 138 Hartford Circle, Coppell, Texas 75019.

12.     Thom Hulme is a Trustee elected to Place 4 of the Board and resides within CISD.  He may be served with process at 126 Ridgewood Drive, Coppell, Texas 75019.

13.     Amy Dungan is a Trustee elected to Place 5 of the Board and resides within CISD.  She may be served with process at 962 Hummingbird Drive, Coppell, Texas 75019.

14.     Judy Barbo is a Trustee elected to Place 6 of the Board, is the Secretary of the Board, and resides within CISD.  She may be served with process at 607 Meadowview Lane, Coppell, Texas 75019.

15.     Tracy Fisher is a Trustee elected to Place 7 of the Board, is the Vice President of the Board, and resides within CISD.  She may be served with process at 136 Park Valley Ct., Coppell, Texas 75019.

# IV.

## FACTUAL BACKGROUND

**A.**     **CISD's At-Large System For Electing Trustees**

16.     The CISD Board consists of seven at-large Trustee seats. The terms of office are staggered, and Trustees serve three-year terms in positions called "places" – which, ironically, have no geographic significance. Thus, candidates run for specific "places" but elected Trustees do not represent any specific territory or sub-district within CISD. They are each elected by the general voting population within the entirety of CISD.

17.     To prevail in a CISD election, a candidate must receive a majority of the votes cast for that seat. If no candidate receives a majority of the votes in the first election, a runoff election between the top two candidates determines the winner.

18.     Two Trustee seats on the Board are up for election in May 2017.

**B.**     **CISD's Growth Is Fueled By The Asian Student Population**

19.     The geographic jurisdiction of CISD includes portions of the cities of Coppell, Grapevine, Irving and Dallas. For the 2016-17 school year, CISD has an enrollment of approximately 12,000 students, has total revenue of approximately $167.2 million, and consists of 16 elementary, middle, and high schools. With current growth projections between 200-250 new students per year (for the next five years), CISD anticipates that more schools will be needed.

20.     Although Asian students made up about only 4% of the total public school student population in the State of Texas in 2015-16, Asian students are the largest ethnic group enrolled in the CISD. Texas Education Agency ("TEA") data shows that the 2015-16 school year marked a demographic "tipping point" for the CISD – it is the *first* year in which the Asian student population is larger than the white student population in the district. Approximately 41% of the

district's enrollment was Asian – representing 4,839 students. Meanwhile, white students made up about 38% of the district's enrollment. The district enrollment is also 13% Latino and 5% black, with mixed race and other minority groups making up the remainder of the student population.

21.     Just a decade earlier, in 2005-06, the Asian student population was only 18% (1,847 students) while white student enrollment was approximately 67% (6,869 students).

**B.    The Discriminatory Effects Of CISD's Electoral System Upon Asian Americans**

22.     The 2010 Census Redistricting Data shows that the total population of the CISD is 44,419 residents, of whom 11,055 (24.9%) were Asian Americans.  Data from the 2014 American Community Survey shows that the total citizen voting age population ("CVAP") of the CISD is 26,659 residents, of whom 4,861 (18.2%) are Asian Americans.  Based on those percentages, an Asian American would be expected to have been elected as a Trustee member on the CISD Board. However, that statistical probability has not become a reality due to the discriminatory nature of the at-large structure of the CISD's electoral system.

23.     The Asian American population in CISD not only is large but also is geographically compact.  The majority of the Asian American population resides in identifiable areas within Coppell and the North Irving neighborhood of Valley Ranch.  Clearly, those persons would constitute a majority of eligible voters in one or more properly-apportioned single-member electoral districts.

24.     Asian Americans within CISD are a politically unified group who generally vote cohesively as a bloc.  Voting in CISD is racially polarized and, because whites vote as a bloc, the result is the defeat of every Asian American candidate for the CISD Board.  The pattern of racially-polarized voting leads to limited representation of, and indifference to, the interests of the Asian community in the CISD.

25.     The Asian American community has grown significantly within CISD over the past 10 years, such that the student bodies of several schools within CISD are majority Asian American.  However, the Board has not been responsive to the growing needs of the Asian American community.  For example, although Asian American students make up the largest demographic group in the CISD, the faculty of the district does not reflect this diversity.  According to the TEA, in 2014-15, the entire school district employed only 16 Asian American teachers – representing just 2.1% of CISD teachers.  The disparity between the student and teacher demographics is even more dramatic on campuses with the largest Asian American student populations.  In the North Irving neighborhood of Valley Ranch, where the Asian American population is particularly concentrated, about 80% of the students enrolled in Valley Ranch Elementary School are Asian American.  However, the school employed only two Asian American teachers during the 2014-15 school year.

26.     The district's lack of diversity is also reflected in the scarcity of Asian language instruction in the CISD. For example, an elementary and middle school Dual Language Immersion program is offered in English and Spanish at several CISD elementary and middle schools – but no such Asian American dual language program exists. While many Asian American students within CISD speak Hindi or other Indian languages at home, there is no Hindi dual language program in the district. Meanwhile, nearby school districts such as Hurst-Euless-Bedford ISD offer Hindi language instruction.  According to CISD's breakdown of English Language Learners ("ELL") reported to the TEA for 2015-16, approximately 392 ELL students speak five common Indian languages (Hindi, Telugu, Tamil, Gujarati and Bengali). Conversely, 336 ELL students speak Spanish, which is offered in CISD.

27.     A prevailing view among many members of the Asian American community is that the academic curriculum is not sufficiently rigorous, nor is it reflective of the demographics of the district.  The lack of Asian American representation on the Board has and continues to allow elected officials to remain unresponsive to the needs of the Asian American community.

28.     In sum, CISD's electoral system is characterized by practices and procedures that impair electoral success of candidates from the Asian American community including:  (1) at-large elections for all seven seats on the Board; (2) staggered election terms; and (3) a District-wide majority vote requirement.  There is no legitimate reason to continue those practices.  The time is long overdue for CISD to adopt a system which ensures that the Asian American community has a meaningful opportunity for full and fair participation in the political process.

**C.     Absent Judicial Intervention, The Current Discriminatory Electoral System Will Remain In Place.**

29.     The CISD electoral system violates Section 2 of the Voting Rights Act.  Unless the Court directs CISD to design a single-member electoral system that does not unlawfully dilute the votes of Asian American voters, the current discriminatory system will persist.  As a result, the Asian community has been unable to elect a member-candidate of its choice to the CISD Board.

30.     Indeed, in May 2016 Dr. Jain ran for CISD Board of Trustees for Place 3 and lost.  However, with appropriately portioned single-member districts, Dr. Jain and other Asian Americans would have an equal opportunity to elect a representative of their choice.  Unfortunately, the current CISD electoral system denies Dr. Jain and other Asian Americans an equal opportunity to participate in the electoral process.  That is why he brings this action.

## V.

## <u>CLAIMS</u>

A.    **Count One:  Declaratory Relief For Violations Of Section 2 Of The Voting Rights Act.**

31.    The allegations set forth in paragraphs 1-30 above are hereby incorporated as if fully set forth herein.

32.    Section 2 of the Voting Rights Act prohibits any standard, practice or procedure that results in the denial or abridgment of the rights of minorities to vote.  Specifically, it forbids any electoral system that denies Asian Americans an opportunity equal to that afforded to other members of the electorate to elect representatives of their choice.

33.    CISD's at-large electoral system for electing its Board dilutes Asian American voting strength.  Further, the electoral system results in Asian Americans having less opportunity than other CISD voters to meaningfully participate in the electoral process and to elect representatives of their choice.

34.    The Asian American community in CISD is sufficiently large and geographically compact, and constitutes a politically-unified group that generally votes cohesively as a bloc, such that one or more properly-apportioned single-member electoral districts can be drawn in which Asian Americans would constitute a majority of eligible voters.

35.    CISD Board elections are characterized by racially-polarized voting in which the predominately white voting bloc votes in a way that regularly defeats the Asian American community's candidates of choice.  Thus, based on the totality of past and present circumstances, the CISD electoral system impermissibly dilutes the Asian American vote and stymies that community's ability to participate fully in the election process.

36.     Accordingly, Dr. Jain requests that the Court issue declaratory relief that the CISD electoral system violates Section 2 of the Voting Rights Act.

**B.     Count Two:  Injunctive Relief Preventing Ongoing and Future Violations Of The Voting Rights Act**

37.     The allegations set forth in paragraphs 1-30 above are hereby incorporated as if fully set forth herein.

38.     Unless enjoined, the CISD electoral system will remain in force and, therefore, CISD will continue to violate Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for Board members utilizing that unlawful system.

39.     Without the Court's intervention, the Board's actions and the electoral system will cause Asian American voters irreparable harm because the electoral system denies those voters the opportunity to fully participate in the electoral process by diluting the strength of their vote, for which there is no adequate remedy at law.

40.     Accordingly, Dr. Jain requests that the Court enter a permanent injunction prohibiting Defendants from administering, implementing, and conducting future elections for the CISD Board of Trustees based on the at-large electoral system.  Such relief is authorized by the Voting Rights Act as well as principles of equity.

**C.     Count Three:  Request For Attorneys' Fees**

41.     The allegations set forth in paragraphs 1-30 above are hereby incorporated as if fully set forth herein.

42.     As a result of CISD's unlawful electoral system, Dr. Jain has been required to retain the undersigned counsel to prosecute the claims asserted herein.

43.     This action is a suit to enforce the voting guarantees of the Voting Rights Act. Pursuant to 52 U.S.C § 10310(e) and 42 U.S.C. § 1988, Dr. Jain is entitled to recover his reasonable attorneys' fees, reasonable expert fees, and other reasonable litigation expenses as part of his costs for pursuing this lawsuit.

## VI.

## REQUEST FOR RELIEF

In light of the foregoing, Dr. Jain respectfully requests that this Court enter final judgment in his favor and against Defendants, providing for the following relief:

(a)     A judicial declaration that the at-large method for electing members to the CISD Board violates Section 2 of the Voting Rights Act;

(b)     A permanent injunction prohibiting CISD, its Trustees, agents, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for the Board under an at-large electoral system;

(c)     An order directing CISD to devise an election plan and an implementation schedule that remedies the violations of Section 2.  If CISD fails to formulate such a plan, the Court should create an election plan of its own, designed to remedy the violation of Section 2, and order elections to be held pursuant to that plan as promptly as possible;

(d)     An award of reasonable attorneys' fees, reasonable expert fees, and other reasonable litigation expenses pursuant to 52 U.S.C § 10310(e), 42 U.S.C. § 1988, and any other applicable statute;

(e)     An award of costs of Court; and

(f)     Any other relief, at law or in equity, to which Dr. Jain is entitled and

which this Court deems just and proper.

DATED:  September 22, 2016.                    Respectfully submitted,

**BREWER STOREFRONT, PLLC**

By: */s/ Anthony J. Bégon*_____

    **William A. Brewer III**
    State Bar No. 02967035
    **Michael J. Collins**
    State Bar No. 00785493
    **Anthony J. Bégon**
    State Bar No. 24092109

    1717 Main Street
    Suite 5900
    Dallas, Texas 75201
    Telephone:  (214) 653-4000
    Facsimile:  (214) 653-1015

    **ATTORNEYS FOR PLAINTIFF**